**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A.S.,<br><br>                      Plaintiff,<br><br>                 v.<br><br>OCEAN COUNTY FIRE ACADEMY, et al.,<br><br>                      Defendants. | Civil Action No. 19-11306 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant John Syers, Jr.'s ("Defendant") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 25.) Plaintiff A.S. ("Plaintiff") opposed the Motion. (ECF No. 27.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

I. **BACKGROUND**[1]

Plaintiff was a volunteer firefighter for the Seaside Heights Fire Department. (Compl. 2, ECF No. 1.) Plaintiff was enrolled in the Fire Academy at the Ocean County Fire and First Aid Training Center as part of her training as a volunteer firefighter. (*Id.*) Defendant was an instructor at the Fire Academy and instructed Plaintiff on ropes and knots used in firefighting. (*Id.* at 2, 5–6.)

---

[1] The Court accepts as true all of Plaintiff's well-pleaded factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

During class, Defendant "made inappropriate sexual comments" to Plaintiff about the use of knots on people "that made Plaintiff feel uncomfortable." (*Id.* at 5–6.) Following Plaintiff's training at the Fire Academy, but while Defendant was still an instructor at the Fire Academy, Defendant "rape[d], torture[d,] and sexually abuse[d] Plaintiff." (*Id.* at 2, 14.)

Plaintiff filed a Complaint against Ocean County Fire Department, Ocean County Fire and First Aid Training Center, Ocean County Board of Chosen Freeholders (collectively, "Ocean County Defendants"), and Defendant (collectively, "Defendants"). (*See generally* Compl.) Plaintiff brings two counts of sex-based discrimination under Title VII of the Civil Rights Act of 1964 against Defendants, (*id.* at 23–24, 26–28); two counts under 42 U.S.C. §1983 for violations of the Fourteenth Amendment against Ocean County Fire Academy and Ocean County Fire and First Aid Training Center, (*id.* at 28–35); and twenty-eight state-law and common-law causes of action against Defendants, (*id.* at 20–23, 25–26, 36–101). Plaintiff asserts that this Court has jurisdiction over the Title VII and § 1983 claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law and common-law claims pursuant to 28 U.S.C. § 1367. (*Id.* at 3–4.)

On June 21, 2019, Plaintiff served the Complaint on Defendant. (Return of Service, ECF No. 20.) On July 10, 2019, Defendant filed an answer to the Complaint. (ECF No. 21.) On July 23, 2019, Defendant filed an amended answer. (ECF No. 24.) On August 8, 2019, Defendant filed the instant Motion to Dismiss. (ECF No. 25.)

## II.    LEGAL STANDARD[2]

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

[2] Although Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court finds that Defendant's motion is principally a motion to dismiss for failure to state a claim. The Court, accordingly, only sets forth the legal standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

2

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

## III. PARTIES' POSITIONS

Defendant contends that he cannot be held individually liable under Title VII. (Def.'s Moving Br. 9–10, ECF No. 25-1.) In addition, Defendant contends that he was not Plaintiff's supervisor at the time of the alleged assault, and, therefore, Ocean County Defendants cannot be held liable under Title VII for Defendant's alleged conduct. (*Id.* at 10.) Furthermore, Defendant

3

contends that, because he cannot be held liable under Title VII, the Court lacks supplemental jurisdiction over the state-law and common-law claims. (*Id.* at 10–11.)

Plaintiff argues that Defendant's Motion to Dismiss was not timely filed (Pl.'s Opp'n Br. 20–22), Defendant's Motion to Dismiss is an improper summary judgment motion that should be denied (*id.* at 24–28), and the Court retains jurisdiction over Plaintiff's claims against Defendant. (*id.* at 28–30).

## IV. DISCUSSION[3]

### A. Plaintiff fails to state a Title VII claim against Defendant because Title VII does not provide individual employee liability.

"Title VII prohibits unlawful employment practices by employers." *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citing 42 U.S.C. § 2000e-2(a)). "[I]ndividual employees are not liable under Title VII." *Id.* (citing *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077–78 (3d Cir. 1996)). Here, Plaintiff's Complaint refers to Defendant as an "instructor." (Compl. 2, 5.) Considering the well-pleaded facts in the light most favorable to Plaintiff, the Court finds Plaintiff fails to plead that Defendant was an employer under Title VII. The Court, accordingly, dismisses the Title VII claims against Defendant.[4]

---

[3] Typically, a motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Courts, however, "have allowed untimely motions if the defense [in the motion] has been previously included in the answer." *Thurlow v. York Hosp.*, No. 16-179, 2017 WL 90345, at *3 n.3 (D. Me. Jan. 10, 2017) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1361 (3d ed.)). Here, Defendant's Answer includes the defense that "Plaintiff fails to state a claim upon which relief can be granted." (Answer, 36, ECF No. 24.) The Court, accordingly, finds good cause to consider Defendant's Motion to Dismiss.

[4] The Court declines to address Defendant's argument that Title VII claims against Ocean County Defendants should be dismissed. The Court may address such argument upon a motion from Ocean County Defendants.

**B.** **The Court retains supplemental jurisdiction over the remaining claims against Defendant.**

In a civil action where the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State-law or common-law claims are sufficiently related to the jurisdiction-invoking claim when "the state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, claims against Ocean County Defendants that arise under federal law have not been dismissed and accordingly form the basis for the Court's original jurisdiction. The remaining common-law and state-law claims against Defendant arise from a common nucleus of operative fact as those jurisdiction-invoking claims: Defendant's conduct as an instructor at the Fire Academy. The Court, accordingly, retains supplemental jurisdiction over the remaining claims against Defendant and denies Defendant's Motion to Dismiss the remaining claims for lack of subject matter jurisdiction.

## V.    CONCLUSION

The Court dismisses Plaintiff's Title VII claims against Defendant because Plaintiff fails to plead that Defendant was Plaintiff's employer. The Court retains supplemental jurisdiction over the remaining claims against Defendant because they arise under the same common nucleus of operative fact as the remaining jurisdiction-invoking claims against Ocean County Defendants.

Mashepp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

5