## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

A.S.,

        Plaintiff,

        v.

OCEAN COUNTY FIRE ACADEMY, et al.,

        Defendants.

Civil Action No. 19-11306 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendants Ocean County Board of Chosen Freeholders, Ocean County Fire Academy, and Ocean County Fire and First Aid Training Center's (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 29.) Plaintiff A.S. ("Plaintiff") filed correspondence requesting that Defendants' Motion for Summary Judgment "be stayed until the completion of discovery." (Pl.'s Oct. 1, 2019 Correspondence 1, ECF No. 31.) Defendants filed correspondence in response, asserting that Plaintiff "failed to submit the required affidavit" to demonstrate that facts were unavailable to Plaintiff under Federal Rule of Civil Procedure 56(d). (Defs.' Oct. 2, 2019 Correspondence 1, ECF No. 32.) Plaintiff filed correspondence urging the Court to deny Defendants' Motion for Summary Judgment because Defendants' Statement of Undisputed Material Facts "creates a factual controversy which needs to be test [sic] through the discovery process." (Pl.'s Oct. 2, 2019 Correspondence, ECF No. 33.) Plaintiff then filed opposition to Defendants' Motion for Summary Judgment. (ECF No. 34.) The Court found that Plaintiff's opposition failed to comply with Local Civil Rule 56.1(a), granted Plaintiff leave to submit necessary affidavits or declarations, and administratively terminated Defendants' Motion for Summary Judgment. (Oct. 10, 2019 Mem. Order 1, ECF No. 35.)

Plaintiff then submitted an affidavit (ECF No. 36), which predominantly repeated allegations from the Complaint, contained legal arguments and conclusions, and failed to comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 7.2. Defendants filed correspondence arguing that "Plaintiff's request for discovery should be denied and [Defendants'] summary judgment motion should be reinstated." (Defs.' Oct. 24, 2019 Correspondence 3, ECF No. 37.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion for Summary Judgment is reinstated and denied.

On a motion for summary judgment, "the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine [dispute]. . . . citing to the affidavits and other documents submitted in support of the motion. . . . Each statement of material facts . . . shall not contain legal argument or conclusions of law." L. Civ. R. 56.1(a). Defendants' Rule 56.1(a) Statement of Material Facts provides that "Defendant John Syers, Jr. was a volunteer instructor at the Fire and First Aid Training Center." (Statement of Material Facts ("SMF") ¶ 3, ECF No. 29-2.) Defendants also assert that "Defendant Syers was not an employee of the County of Ocean." (*Id.* at ¶ 10.)

Here, Defendants' Statement of Material Facts fails to comply with Local Civil Rule 56.1(a) because it rests upon legal argument and conclusions of law. Plaintiff brings claims for sex-based discrimination and hostile work environment in violation of Title VII of the Civil Rights Act. (Compl. 23–24, 26–28.) "Title VII prohibits the creation of a hostile work environment." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64–67 (1986)). "[A]n employer is directly liable for an employee's unlawful harassment if the employer was negligent with respect to the offensive behavior." *Id.* (citing *Faragher v. City*

2

*of Boca Raton*, 524 U.S. 775, 789 (1998). Moreover, "an employer may be *vicariously* liable for its employees' creation of a hostile work environment." *Id.* at 428.

Under Title VII, an "employee" is "an individual employed by an employer." 42 U.S.C. § 2000e(f). "Congress has directed federal courts to interpret Title VII based on agency principles." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754 (1998). A person's status as an employee under Title VII is a fact-intensive legal conclusion, not an undisputed fact; that a person is a volunteer is not dispositive. *See Bryson v. Middlefield Volunteer Fire Dep't, Inc.*, 656 F.3d 348, 352–355 (6th Cir. 2011) (discussing analysis for determining whether members of volunteer fire department were employees under Title VII); *Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 473 (2d Cir. 1999) (affirming district court's finding that a probationary volunteer firefighter was an employee under Title VII because "a non-salaried volunteer firefighter's employment status under Title VII is a fact question when that firefighter is entitled to significant benefits"); *Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 221 (4th Cir. 1993) (reversing district court's grant of summary judgment where determination of volunteer firefighters' employee status "involve[d] the resolution of a disputed material fact").

Because Defendants state that Syers is a volunteer—and therefore not an employee—in their Statement of Material Facts, Defendants' Statement of Material Facts contains legal argument or conclusions of law. Defendants' Statement of Material Facts, therefore, fails to comply with Local Civil Rule 56.1(a). "A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." L. Civ. R. 56.1(a). The Court, accordingly, denies Defendants' Motion for Summary Judgment.

Furthermore, pursuant to the Court's inherent authority to control its docket "with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254

(1936), the Court declines to consider additional motions for summary judgment prior to the close of discovery. After Plaintiff files an amended complaint (*see* Order, ECF No. 42), Defendants may timely answer or otherwise respond to the amended complaint pursuant to Federal Rule of Civil Procedure 12.

Accordingly,

**IT IS** on this 30th day of March 2020 **ORDERED** that:

1.  Defendants' Motion for Summary Judgment (ECF No. 29) is reinstated and **DENIED** without prejudice;

2.  Following Plaintiff's filing of an amended complaint, Defendants may timely answer or otherwise respond to the amended complaint pursuant to Federal Rule of Civil Procedure 12.

s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
