# Fuggi Law Firm

*"New Jersey's Premier Litigation and Civil Rights Firm"*

Attorneys-at-Law
47 MAIN STREET
P.O. BOX 1808
TOMS RIVER, NEW JERSEY 08753




ROBERT R. FUGGI, JR.
* Certified Civil Trial Attorney
** National Trial Lawyers Top 100 Lawyers
2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020
***New Jersey Super Lawyers – 2019
****2020 New Jersey Law Journal Professional Excellence Award - 2020
Of Counsel:
JAMES M. McKENNA
*Certified Workers' Compensation Law Attorney
NICHOLAS C. APICELLI
*Professional Divorce Mediator and Attorney
BETHANNA M. SCOTT
MICHAEL R. NAPOLITANO

TELEPHONE: (732) 240-9095
GENERAL FAX: (732) 240-9072
www.fuggilaw.com

March 1, 2021

Honorable Douglas Arpert, U.S.D.M.J.
United States District Court
Clarkson S. Fisher Building &
US Courthouse
402 East State Street
Trenton, NJ 08608

  RE: A.S. v. Ocean County Fire Academy, et al
    Case Number: 3:19-cv-11306-MAS-DEA

Dear Judge Arpert:

  Please be advised our office represents Plaintiff A.S. in the above-referenced matter. Please accept this letter in opposition to Defendant John Syers's letter application for a stay of these proceedings.

## STATEMENT OF FACTS

  The above-referenced matter arises from especially brutal acts of sexual violence perpetrated by Defendant Syers against Plaintiff. Plaintiff first met Defendant Syers at the Ocean County Fire Academy operated by the Ocean County Defendants.

Defendant Syers was an instructor in classes attended by Plaintiff pursuant to the requirements of her profession.

Despite a brief consensual sexual encounter in April of 2018, Plaintiff at all times retained the right to refuse to consent to sexual activity with Defendant Syers.  From April of 2018 to September 26, 2018, Plaintiff and Defendant Syers communicated electronically in a friendly way.  Although the two had made plans to meet on a number of occasions, Plaintiff chose not to see Defendant Syers.  Defendant Syers became angry at the perceived slight, interpreting Plaintiff's behavior as "ignoring him."

On September 26, 2018, Plaintiff visited Defendant Syers at his new home around 9:45AM.  After a casual breakfast, the parties turned to a tour of the residence.  When the tour reached the bedroom, Plaintiff sat down on Defendant Syers's bed whereupon he began to kiss her.  After a brief moment, Plaintiff pulled away, rejecting Defendant Syers's advances.

Defendant Syers then pinned Plaintiff face down on his bed. Defendant Syers pulled Plaintiff's sweatshirt and under shirt over her head to disorient her before handcuffing her behind her back against her will.  Defendant Syers yanked back on Plaintiff's armed to hurt her and emphasize his control over her as he retrieved a rope from nearby to bind Plaintiff.  As Plaintiff pleaded for mercy and freedom, Defendant Syers tied her tightly and threated her with further harm should she resist.

Defendant Syers proceeded to violently assault Plaintiff, manipulating her body against her will and striking her on her buttocks and tailbone with his hands.  Plaintiff recalls Defendant Syers getting off of her at once point while she was bound to take a photograph with his cell phone documenting her helplessness and humiliation.  Defendant Syers's assault on Plaintiff escalated to include forced fellatio, anal penetration and vaginal penetration, all using Defendant Syers's penis.[1]

## STATEMENT OF PROCEDURAL HISTORY

To the best of Plaintiff's knowledge, from approximately October 2018 to January 2019, the Ocean County Prosecutor's Office ("OCPO") conducted a criminal investigation into the

---

[1] Please refer to the Complaint for a more complete recitation of the violence inflicted on Plaintiff by Defendant Syers.

events described above.  Despite conducting a consensual intercept between Plaintiff and Defendant Syers in which he acknowledged much of what he stands accused of here, OCPO did not bring criminal charges against Defendant Syers.  To the best of Plaintiff's knowledge, OCPO's investigation is closed and they do no intended to bring criminal charges against Defendant Syers in the future.

On or about January 28, 2019, Plaintiff requested that the Lacey Township Municipal Court issue summonses against Defendant Syers for sexual assault, criminal sexual contact and criminal restraint.  The Municipal Court did not find probable cause for any of these charges.  On or about January 29, 2019, Plaintiff returned to the court to request summonses be issued for simple assault and lewdness.  These summonses were issued and remain pending as of this date.

On or about April 26, 2019, Plaintiff A.S. filed the instant action in the United States District Court for the District of New Jersey.  Defendant Syers filed an Answer with Counterclaims against Plaintiff on or about July 15, 2019.  The Answer contains admissions, denials and affirmative statements on behalf of Defendant Syers.  The Answer was amended on or about July 23, 2019.  The Amended Answer contains admissions, denials and affirmative statements on behalf of Defendant Syers. On or about August 25, 2020, Defendant Syers filed one hundred and twenty-three (123) pages of R. 26(a) disclosures without interposing objections based on his supposed privilege against self-incrimination.

Defendant Syers is believed to have responded at least partially to paper discovery requests propounded by the Ocean County Defendants.  On or about November 9, 2020, Defendant Syers served partial responses to Plaintiff's document production requests along with a letter contending that Defendant Syers's privilege against self-incrimination shielded him against answering all of Plaintiff's interrogatories and selected document production requests.  Simultaneously with this defective service on Plaintiff, Defendant Syers responded fully to requests for admissions propounded by the Ocean County Defendants.  In short, Defendant Syers has acted as though he has the unilateral authority to decide which questions to answer and which documents to produce.  His selective participation in discovery is alone enough for this Court to conclude that he has waived any privilege against self-incrimination that might otherwise apply.

## STATEMENT OF LAW AND LEGAL ANALYSIS

As an initial matter, Plaintiff concedes that Defendant Syers has correctly identified the standard this Court must look to in evaluating Defendant's application. The test discussed in <u>Walsh Securities v. Cristo Property Management</u>, 7 F. Supp. 2d 523 (D.N.J. 1998) appears to be controlling. However, <u>Walsh</u> does not clearly indicate that the list discussed there is exhaustive.

As articulated by the <u>Walsh</u> Court:

> A court has discretion to stay a case if the interests of justice require it. A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances. A stay of a civil case is an "extraordinary remedy." The factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.
> [<u>Id.</u> at 526-7. Internal citations omitted]

Plaintiff will address each factor in numerical order.

With respect to the similarity of issues, Defendant Syers argues that the allegations in the Complaint and municipal court summonses are "nearly identical." This seems an odd position to take given that, in Plaintiff's Complaint, Defendant Syers is accused of restraining and violently raping Plaintiff. Meanwhile, the Lacey Township Municipal Court issued summonses merely for simple assault and lewdness. As detailed in Defendant's letter application, simple assault involves a fairly minor application of force while lewdness is limited to a lascivious display of one's own genitals. Defendant Syers would be fortunate indeed to face, in this action, allegations "nearly identical" to the minor charges approved by the municipal court.

Turning to the status of the criminal case, with its focus on whether the defendant has been indicted, Defendant Syers nevertheless concludes that he is entitled to relief. Here, the

uncontested facts establish that OCPO has closed its investigation without filing charges against Defendant Syers. Similarly, the Lacey Township Municipal Court did not find probable cause to issue summonses for crimes. Instead, the Court issued summonses for two disorderly persons offenses. To the extent Defendant argues that he is entitled to a stay of these proceedings until the criminal statute of limitations for the more serious crimes expires, Plaintiff notes that Defendant has not cited to any authority for this proposition. Additionally, in view of the ongoing COVID-19 pandemic and lockdown, no one is able to predict when the Lacey Township Municipal Court might make time to adjudicate Defendant's disorderly persons summonses. As a result, Defendant seeks an indefinite stay.

With respect to prejudice to Plaintiff, the instant case presents factors not present in the authorities. Here, Plaintiff alleges severe, permanent and ongoing psychological injuries as a result of her rape at the hands of Defendant Syers. Unlike the institutional litigants in Walsh, Plaintiff has a compelling emotional interest in the closure that comes with resolving this case as well as putting recovered funds to work treating her injuries.

Turning to the burden on Defendant, it is unclear that Defendant faces any burden beyond that faced by any person in his position. Indeed, Defendant Syers may not even face the full panoply of burdens common to the situation. Here, Defendant Syers has already denied the allegations in the Complaint. Plaintiff assumes, without knowing, that he similarly denies wrongdoing with respect to the disorderly persons offenses pending in Lacey Township Municipal Court. Given that the defense in both actions appears to rely on a blanket denial of wrongdoing, it is unclear whether Defendant Syers suffers any burden from defending the two actions simultaneously.

Without wishing to tell this Court what its interests are, Plaintiff notes that Defendant appears to argue that ongoing disputes about the applicability of Defendant's privilege against self-incrimination would burden this Court should a stay not issue. This is incorrect to the point of being fanciful. Should no stay issue, Defendant Syers would either waive his privilege and participate fully in this action or face having all of his pleadings struck and default entered against him. Plaintiff is content to defer to the Court regarding the interests of the Court.

Turning to the interests of the public, Plaintiff again avers that the authorities do not fairly represent the instant case. In recent years and at all levels of government, our society has acknowledged the overwhelming public interest in obtaining justice for victims of sexual violence. The undersigned is unaware of any legislative response to this epidemic of sexual violence that so much as mentions staying parallel criminal proceedings. Plaintiff avers that the interests of the public militate strongly against granting Defendant's application.

Subject to Your Honor's superior understanding of the interests of justice, Plaintiff maintains that the balance of the Walsh factors favors denial of Defendant's application and requests that this Court so rule.

Very truly yours,

FUGGI LAW FIRM, P.C.

ROBERT R. FUGGI, JR., ESQ.

RRF/mrn