<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

A.S.,

               Plaintiff,

               v.

OCEAN COUNTY FIRE ACADEMY, et al.,

               Defendants.

Civil Action No. 19-11306 (MAS) (DEA)

**MEMORANDUM OPINION**

<u>SHIPP, District Judge</u>

       This matter comes before the Court upon Defendants Ocean County Fire Academy (the "Fire Academy"), Ocean County Fire and First Aid Training Center (the "Training Center"), and Ocean County Board of Chosen Freeholders' (the "Freeholders") (collectively, the "Ocean County Defendants") Motion to Dismiss Counts Two, Four, Five, and Six of Plaintiff A.S.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 49.) Plaintiff opposed (ECF No. 50), and the Ocean County Defendants replied (ECF No. 51). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Ocean County Defendants' Motion to Dismiss is granted.

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## I.    BACKGROUND[2]

In August 2017, Plaintiff entered the Training Center to become a member of the Seaside Heights Fire Department. (Compl. 5, ¶ 2,[3] ECF No. 1.) John Syers ("Syers") was Plaintiff's instructor at the Training Center for "the portion of class for learning how to utilize ropes and knots in firefighting." (*Id.* at 5–6, ¶ 4.) Syers made a comment to Plaintiff "with sexual implications that you are to use 'restrictor' knots on people for reasons other than firefighting." (*Id.* at 6, ¶ 4.) Plaintiff interpreted this comment as a sexual reference and subsequently "confided in another student that [Syers] had made inappropriate sexual comments that made Plaintiff feel uncomfortable." (*Id.*) Plaintiff ultimately completed her requisite hours at the Training Center in April 2018 and became an active firefighter with the Seaside Heights Fire Department. (*Id.* at 6, ¶¶ 6–7.)

In April 2018, Plaintiff and Syers had a brief romantic encounter, and through September 2018 "had on again/off again conversations." (*Id.* at 7, ¶¶ 8–9.) On September 26, 2018, Syers "rape[d], torture[d,] and sexually abuse[d] Plaintiff[.]" (*Id.* at 14, ¶ 18; *see generally id.* at 8–16, ¶¶ 10–19.) Syers was an instructor at the Fire Academy and Training Center during this time. (*Id.* at 2, ¶ 6; *id.* at 5–6, ¶ 4.)

On April 26, 2019, Plaintiff filed the instant action against the Ocean County Defendants and Syers. (*See generally id.*) Plaintiff brings two counts of sex-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Counts Two and Four"), (*id.* at 23–24, ¶¶ 9–15; *id.* at 26–27, ¶¶ 23–34); two counts under 42 U.S.C. § 1983 for violations of

---

[2] The Court accepts as true all of Plaintiff's well-pleaded factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The numbering in Plaintiff's Complaint restarts upon every new section. (*See generally* ECF No. 1.) The Court, therefore, will refer to both the page and paragraph numbers when citing to the Complaint.

the Fourteenth Amendment ("Counts Five and Six"), (*id.* at 28–35, ¶¶ 35–56); and twenty-eight state-law and common-law causes of action, (*see generally id.* at 20–23, 25–26, 36–101). The Ocean County Defendants now move to dismiss Plaintiff's federal causes of action—Counts Two, Four, Five, and Six—for failure to state a claim. (ECF No. 49.)

## II.   LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler*, 578 F.3d at 210 (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me[.]" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

3

## III.   DISCUSSION

### A.   Counts Two and Four: Title VII

The Ocean County Defendants argue that Counts Two and Four should be dismissed because Plaintiff fails to plead any facts demonstrating that she exhausted the administrative remedies required before filing a Title VII claim. (Defs.' Moving Br. 7–8, ECF No. 49-1.) The Court agrees.

A plaintiff must "exhaust all administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). "To bring a claim under Title VII, a plaintiff must file a charge of discrimination with the EEOC and procure a notice of the right to sue." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). "The exhaustion requirements applicable in this instance generally required 'both consultation with an agency counsel' and the filing [of] an EEO[C] complaint and subsequent federal complaint 'within the required times.'" *Marley v. Donahue*, 133 F. Supp. 3d 706, 716 (D.N.J. 2015) (quoting *Robinson*, 107 F.3d at 1020); *see also* 42 U.S.C. § 2000e-5(e)(1). Here, Plaintiff fails to allege any facts demonstrating exhaustion.[4] (*See generally* Compl.) The Court, accordingly, finds that Plaintiff has failed to plausibly allege a Title VII violation and dismisses Counts Two and Four without

---

[4] In opposition. Plaintiff asserts that after she reported her rape and torture, she was told by a government attorney "not to return to the" Training Center and was "reprimanded by employees and instructors alike[.]" (Pl.'s Opp'n Br. 25–26, ECF No. 50.) Moreover, Plaintiff maintains she was enrolled "at the [T]raining [C]enter as an apprentice/trainee and thus was not notified of the EEOC Rights and Requirements as a traditional employee would be." (*Id.* at 26.) Finally, Plaintiff argues that "given the reprehensible way [she] was treated after reporting her rape and torture by Defendant Syers, it is evident that she would have been dissuaded from filing any complaint against Ocean County as an employee." (*Id.*) Even assuming such facts permit Counts Two and Four to proceed beyond the motion to dismiss stage, Plaintiff may not amend her Complaint through her opposition briefing. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

prejudice.[5] *See Hickman v. Amazon Fullfilment*, 662 F. App'x 176, 178–79 (3d Cir. 2016) (affirming dismissal of Title VII claim because "there [was] not a single averment demonstrating that" plaintiff filed an EEOC complaint); *Khalifeh v. Duff & Phelps Corp.*, No. 16-4572, 2017 WL 1003220, at *3 (D.N.J. Mar. 15, 2017) ("The [c]omplaint proffers no facts demonstrating that [p]laintiff complied with the administrative requirements prior to filing his lawsuit. In fact, [p]laintiff concedes in his opposition that he was not able to file a complaint with the EEOC during the limitation period.").

### B.   Counts Five and Six: Section 1983

"To prevail on a [Section] 1983 claim, [the plaintiff must] show, first, that she was deprived of a constitutional right and, second, that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal quotation marks and citation omitted). "[A] local government[, however,] may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under [Section] 1983." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978). "[A] plaintiff shows that a policy existed when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007) (internal quotation

---

[5] Plaintiff correctly notes that Title VII's exhaustion requirement "is not a jurisdictional prerequisite to fil[ing] a Title VII suit, but rather a requirement subject to waiver as well as tolling when equity so requires." (Pl.'s Opp'n Br. 24 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Such requirements, however, may be (1) mandatory if properly raised by a party or (2) waived "if the party asserting the rule waits too long to raise the point." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1848, 1849 (2019) (citations omitted). Here, in addition to the instant motion, the Ocean County Defendants raised the exhaustion argument in their Motion for Summary Judgment in Lieu of an Answer. (Defs.' Summ. J. Mot. Moving Br. 8–9, ECF No. 29-1.) The Court, accordingly, finds that the Ocean County Defendants have properly raised their exhaustion argument. *See Davis v. Postmaster Gen.*, 773 F. App'x 108, 109 (3d Cir. 2019).

marks and citation omitted). "A plaintiff may establish a custom, on the other hand, by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* at 155–56 (internal quotation marks and citation omitted). "In either instance, a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

Here, Plaintiff sets forth two Section 1983 claims. First, Plaintiff asserts that the Fire Academy and Training Center violated her "right to personal security and bodily integrity and Equal Protection of Laws" under the Fourteenth Amendment by: (1) failing to investigate Syers; (2) failing to appropriately discipline Syers; (3) failing to adequately train and supervise its employees; and (4) "manifesting deliberate indifference to the sexual assault and ongoing harassment of Plaintiff" by Syers. (Compl. 28–29, ¶ 37.) Furthermore, Plaintiff alleges the Fire Academy and Training Center maintained the following unconstitutional customs or policies:

> [(1)] failing to investigate evidence of criminal and tortious misconduct against . . . Fire Academy employees in the nature of violations of their right to personal security and bodily integrity[,] and [(2)] failing to adequately train and supervise [Fire] Academy and Training Center employees with regard to maintaining, preserving[,] and protecting employees from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

(*Id.* at 29, ¶ 38.) Finally, according to Plaintiff, the Fire Academy and Training Center employees "were all Ocean County actors acting under the color of state and local law." (*Id.* at 28, ¶ 36; *see also id.* at 2, ¶ 8 (The Freeholders "own[] and/or operate[] the" Fire Academy and Training Center.).)

Second, Plaintiff alleges that under the Equal Protection Clause of the Fourteenth Amendment, she "had the right to equal access to an employment and education environment free

6

from harassment and discrimination." (*Id.* at 32, ¶ 49.) Plaintiff contends the Fire Academy and Training Center violated this right by failing to: (1) take appropriate steps to "investigate or otherwise determine what occurred once informed of possible sexual violence"; (2) take "prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects"; (3) "take steps to protect . . . Plaintiff as necessary"; (4) "provide a grievance procedure for employees to file complaints of sexual discrimination, including complaints of sexual violence"; (5) "use a preponderance of the evidence standard to resolve complaints of sex discrimination in grievance procedures"; and (6) "notify both parties of the outcome of the complaint." (*Id.* at 33, ¶ 51.) Plaintiff asserts that the Fire Academy and Training Center further violated her Fourteenth Amendment rights by not adequately training and supervising its employees to conduct these investigative requirements. (*Id.* at 33–34, ¶ 52.) Finally, Plaintiff maintains that the Fire Academy and Training Center "were 'state actors' working for the . . . Freeholders, a locally elected board." (*Id.* at 32, ¶ 46.)

As the Ocean County Defendants correctly observe, however, the Complaint fails to allege any facts that would support Plaintiff's assertions that a custom or policy deprived her of a constitutional right. (Defs.' Moving Br. 11.) Aside from one conclusory allegation that Fire Academy and Training Center employees "refus[ed] to respond to Plaintiff's sexual assault on academy premises[,]" (Compl. 32, ¶ 47), Plaintiff fails to provide any facts demonstrating that the Ocean County Defendants were aware of the rape, (*see generally id.*; *see also* Defs.' Moving Br. 11 ("The [C]omplaint does not assert that Plaintiff filed any type of grievance or report of alleged harassment, discrimination[,] or 'hostile work environment' during her tenure . . . . Moreover, the voluminous [C]omplaint is devoid of any allegations stating that Plaintiff provided notification . . . with regard to any issues concerning . . . employees or volunteer instructors[.]")). Without such factual allegations, the Court cannot find that Plaintiff has a plausible claim for relief stemming

7

from the Ocean County Defendants' alleged failure to investigate and respond to Syers's conduct or train its employees to respond to sexual discrimination, harassment, or violence.[6]

Furthermore, "in a [Section] 1983 failure to train claim, 'the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform.'" *Lockhart v. Willingboro High Sch.*, 170 F. Supp. 3d 722, 733 (D.N.J. 2015) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). Here, however, Plaintiff fails to allege any facts detailing what policies, if any, the Ocean County Defendants had in place for sexual discrimination, harassment, or violence complaints. (*See generally* Compl.) "Without any facts showing what specific training or supervision was in place or what should have been provided, Plaintiff[] cannot support a claim that the training provided was inadequate." *Lockhart*, 170 F. Supp. 3d at 733 (citing *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)). Plaintiff "also fails to point to any specific policy or program that should have been in place but was not." *Id.* at 733–34 (citing *Diaz v. City of Hackensack*, No. 06-4615, 2010 WL 1459582, at *1 (D.N.J. Apr. 12, 2010) (dismissing Section 1983 failure to train claim because plaintiff's complaint "neither identifies the specific training that was absent, nor demonstrates the absence of such specific training amounted to deliberate indifference."). The Court, therefore, finds that Plaintiff's factually unsupported assertions fail to plausibly allege a Section 1983 violation. The Court, accordingly, dismisses Counts Five and Six without prejudice.

---

[6] In opposition, Plaintiff asserts that the Fire Academy and Training Center, "through a County attorney with actual and apparent authority to speak on the [Freeholders'] behalf," told Plaintiff she "was no longer welcome . . . due to her reports of sexual assault by one of [her] instructors[.]" (Pl.'s Opp'n Br. 27.) According to Plaintiff, through these actions, the Freeholders "established a custom, practice, and/or policy that violated [Plaintiff's] equal protection rights." (*Id.*) Finally, Plaintiff asserts that the Freeholders intentionally or negligently excluded her "from participating at any function" at the Fire Academy and Training Center "by directly condoning the known bad acts of Defendant Syers[.]" (*Id.*) As stated previously, however, Plaintiff may not amend her Complaint through her opposition brief.

### C.    State Law Claims

On March 30, 2020, the Court dismissed Counts Two and Four against Syers.[7] (Mar. 31, 2020 Order ¶ 2, ECF No. 42.) Having previously and presently dismissed Plaintiff's federal causes of action against Syers and the Ocean County Defendants, the Court "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (citations omitted). Plaintiff, however, has not provided the Court with any such considerations. The Court, therefore, will decline to exercise supplemental jurisdiction over the state law claims of the Complaint.

### IV.    CONCLUSION

For the reasons set forth above, the Ocean County Defendants' Motion to Dismiss is granted. The Court will enter an Order to accompany this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff also declined to file an amended complaint by April 30, 2020, pursuant to the Order.

9