<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A.S., <br><br> Plaintiff, <br><br> v. <br><br> OCEAN COUNTY FIRE ACADEMY, *et al.*, <br><br> Defendants. | Civil Action No. 19-11306 (GC) (DEA) <br><br> **MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

In May 2021, Defendants "Ocean County Fire Academy," Ocean County Fire and First Aid Training Center,[1] and the Ocean County Board of Chosen Freeholders's (n/k/a Board of Commissioners) filed their Second Motion to Dismiss (ECF No. 71) Plaintiff A.S.'s Amended Complaint (ECF No. 68), under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Following the parties' briefing (ECF Nos. 73, 74), the Court converted the Ocean County Defendants' motion to one for summary judgment on a single issue: whether Plaintiff exhausted administrative remedies (ECF No. 76). The Court reserved on all other issues and ordered the parties to complete discovery on the administrative-exhaustion issue.

This matter comes before the Court upon the parties' additional submissions following the limited discovery. (ECF Nos. 86, 88.) The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).

---

[1] Defendants say that "there is no such separate entity as the 'Ocean County Fire Academy'" and that "the Ocean County Fire and First Aid Training Center is a department within Ocean County." (ECF No. 71-1 at 13 n.8.)

For the reasons set forth below, and other good cause shown, Defendants' Rule 12(b)(6) motion to dismiss is **GRANTED**.

I. <u>BACKGROUND</u>

    A.    **Procedural History**

On April 26, 2019, Plaintiff sued the Ocean County Defendants and John Syers Jr. (ECF No. 1.) Plaintiff alleges that during her training as a volunteer firefighter, instructor Syers made a comment that Plaintiff perceived as a sexual innuendo, and that months later, Syers raped, tortured, and sexually abused her. (*See generally* ECF No. 1.)

The Ocean County Defendants moved to dismiss the following claims in the Complaint under Rule 12(b)(6): two counts of sex-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (Counts Two & Four); and two counts under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the United States Constitution (Counts Five & Six). (ECF No. 49.) While that motion was pending, Plaintiff and Syers settled, and all claims involving Syers were dismissed by stipulation. (ECF Nos. 61, 62, 69, 70.)

On March 26, 2021, the Court granted the Ocean County Defendants' motion, dismissed the Title VII and § 1983 claims against them without prejudice, and declined to exercise supplemental jurisdiction over the remaining state-law claims. (ECF Nos. 65, 66.) In dismissing the Title VII claims, the Court agreed with the Ocean County Defendants that "Plaintiff fail[ed] to plead any facts demonstrating that she exhausted the administrative remedies required before filing a Title VII claim." (ECF No. 65 at 4.[2]) As to the § 1983 claims, the Court found that Plaintiff had not alleged facts "demonstrating that the Ocean County Defendants were aware of the rape" or

---

[2]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

"detailing what policies, if any, the Ocean County Defendants had in place," or should have had in place, "for sexual discrimination, harassment, or violence complaints."  (ECF No. 65 at 7-8.)  Still, the Court gave Plaintiff the option to amend her complaint to address the deficiencies discussed in the March 2021 Memorandum Opinion.  (ECF No. 66.)

On April 30, 2021, Plaintiff filed the Amended Complaint.[3]  (ECF No. 68.)  The claims are generally the same, except Plaintiff now brings her Title VII claims under § 2000e-2(d) ("Training programs") instead of § 2000e-2(a) ("Employer practices").  She also adds the allegation that as a firefighter, "Plaintiff was required to attend classes at the Training Center for certifications and continuing education related to her employment."  (ECF No. 68 at 5 ¶ 3; *see also* ECF No. 68 at 24 ¶ 13 ("Completion of various components of this training program was necessary to Plaintiff's continued employment with Seaside Heights Fire Department, or indeed any fire department in Ocean County.").)  And she adds that "[a]t no time during her training at the Fire Academy did Plaintiff notice any postings advising her of her EEOC rights and obligations"; that "[b]ased on information and belief, Defendants did not in fact post the required notices at the Fire Academy during the time period of Plaintiff's attendance"; and that "[a]s a result, Plaintiff did not become aware of her obligation to exhaust administrative remedies until after the time period for doing so had elapsed."  (ECF No. 68 at 24-25 ¶¶ 14-16.)

The Ocean County Defendants then moved to dismiss the Amended Complaint under Rule 12(b)(6).

On January 28, 2022, the Court converted Defendants' motion to one for summary judgment as to whether Plaintiff exhausted her administrative remedies.  (ECF No. 76.)  On that

---

[3]   When reviewing motions to dismiss under Rule 12(b)(6), courts typically accept as true all well-pleaded facts in the complaint.  *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).

issue, the Court ordered the parties to exchange discovery, in the meantime reserving on the other issues raised in the second motion to dismiss. (ECF No. 76.)

After completing limited discovery, the parties submitted summary-judgment briefing on the administrative-exhaustion issue. (ECF Nos. 85, 86, 88.)

### B. Administrative-Exhaustion Discovery

The parties' discovery included limited written requests and an inspection of the Ocean County Fire Academy. (ECF No. 84.) In response to the Ocean County Defendants' requests, Plaintiff admitted that she "did not file a Complaint with the EEOC in connection with her attendance at the Ocean County Fire and First Aid Training Center"; she "did not receive a Right to Sue letter from the EEOC with regard to any claims against the Ocean County Fire Academy"; she "received a copy of the Fire Academy Code of Conduct when she became a student at the Ocean County Fire and First Aid Training Center"; and she "did not serve a notice of tort claim on the County of Ocean on or before December 26, 2018." (ECF No. 88 at 27; *see also* ECF No. 88 at 30 (Plaintiff's interrogatory answer stating that she "did not file an EEOC charge in connection with the incident which forms the basis of her complaint").) Plaintiff denied, however, that she did not file a complaint with the Fire Training Coordinator; she states that she "informally filed a Complaint via email when she was issued a restraining order." (*Id.* at 27.)

In the post-discovery filings, each side also submits a statement of facts material to the administrative-exhaustion issue. (ECF No. 86-2 at 3-4; ECF No. 88 at 3-4.)

The parties agree that the Ocean County Fire and First Aid Training Center offers training to firefighters and emergency medical personnel, and that Plaintiff was a student at the Ocean County Fire and First Aid Training Center. (*Compare* ECF No. 86-2 at 3 ¶¶ 1-2, *with* ECF No. 88 at 2 ¶¶ 1-2.) Plaintiff, however, contends that the "Ocean County Fire Academy" is "organized

under the Ocean County Training Center and part of the County of Ocean." (*Compare* ECF No. 86-2 at 3 ¶ 1, *with* ECF No. 88 at 2 ¶ 1.) In support, Plaintiff submits a portion of the webpage of Ocean County Training Center, who Plaintiff calls the "parent organizations of Defendant." (ECF No. 86-2 at 3 ¶ 1; ECF No. 86-3 at 2 ¶ 5.) The webpage describes the "Training Center" as "under the leadership of the Ocean County Board of Commissioners." (ECF No. 86-3 at 69.) The webpage also states that the Training Center "provides a top-notch learning experience for all of the men and women who give so much back to this great County," "[f]rom firefighters to emergency medical technicians, from law enforcement to Ocean County Vocational-Technical students." (*Id.*)

The Ocean County Defendants, on the other hand, allege that "Plaintiff was employed as an emergency department technician," and that "[n]owhere in Plaintiff's first amended complaint does she claim to be an employee of the County of Ocean." (ECF No. 88 at 3 ¶¶ 1-2 (citing ECF No. 68 at 2 ¶ 4).) They also note Plaintiff's allegation that she was "still an active student" at the fire academy from March 8 until April 2018. (*Id.* ¶ 3 (citing ECF No. 68 at 6 ¶ 7).)

The parties also agree that "Defendant posted required EEOC notices in the Administration Office at the Training Center." (ECF No. 86 at 3 ¶ 3; ECF No. 86-3 at 16-41, 60-63; ECF No. 88 at 2 ¶ 3.) But according to Plaintiff, "[t]he Administration Office was closed and/or locked at all times when Plaintiff was present for classes" (ECF No. 86-2 at 4 ¶ 4; ECF No. 86-3 at 68 ¶ 8; ECF No. 88 at 2 ¶ 4); and "[c]lassroom instructors, including specifically Ray Van Marter, told Plaintiff and other students that they were only permitted to access the classrooms and bathrooms at the Training Center" (ECF No. 86-2 at 4 ¶ 5; ECF No. 86-3 at 67 ¶ 12).

The Ocean County Defendants contest that Plaintiff was forbade access to areas where the EEOC notices were posted. For their part, they attach a certification of Ray Van Marter, Deputy

5

Fire Marshall/Coordinator of Inspection Services with Ocean County. (ECF No. 88 at 21 ¶ 1.) Van Marter certifies that "[a]lthough the door to the administration office was probably closed while classes were in session, it was almost never locked." (*Id.* ¶ 3.) He also "do[es] not remember ever telling students that they could only access the classroom and bathroom areas of the building." (*Id.* ¶ 4.) And he certifies that the breakroom "doors were always unlocked and almost never closed. The area contained vending machines and a water cooler for students to access." (*Id.* at 22 ¶ 5.)

Based on Plaintiff's discovery responses, the Ocean County Defendants highlight that Plaintiff neither "file[d] a complaint with the EEOC in connection with her attendance at the Ocean County Fire and First Aid Training Center" nor "receive[d] a Right to Sue letter from the EEOC with regard to any claims against the Ocean County Fire and First Aid Training Center." (*Id.* at 4-5 ¶¶ 4-5.) They also note that Plaintiff admits that she "received a copy of the Fire Academy Code of Conduct when she became a student at the Ocean County Fire and First Aid Training Center." (*Id.* at 5 ¶ 6.)

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6)—Failure to State a Claim

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55

F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

      **B.**      **Rule 56—Summary Judgment**

Courts generally treat a motion to dismiss for failure to exhaust administrative remedies as a motion to dismiss under Rule 12(b)(6). *Robinson v. Dalton,* 107 F.3d 1018, 1022 (3d Cir. 1997). But once the plaintiff goes "beyond the face of the pleadings" to show that administrative remedies have been exhausted and that any equitable exceptions to exhaustion deadlines apply, courts in our Circuit treat the issue "in a manner consistent with Rule 56 for summary judgment." *Hill v. U.S. Gen. Servs. Admin.*, Civ. No. 05-2092, 2008 WL 4371761, at *3 (D.N.J. Sept. 17, 2008) (quoting *Robinson*, 107 F.3d at 1022).

Under Rule 56, "[s]ummary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.,* 835 F.3d 388, 402 (3d Cir. 2016) (citing Fed. R. Civ. P. 56(a)). "A fact is material if—taken as true—it would affect the outcome of the case under governing law." *M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "And a factual

dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.*

### III. DISCUSSION

The Ocean County Defendants assert two bases to dismiss the Amended Complaint. First, Plaintiff cannot assert Title VII claims (Counts Two & Four) against the Ocean County Defendants, as she was never employed by those defendants. (ECF No. 71-1 at 14; ECF No. 88 at 10-12.) Second, Plaintiff failed to exhaust administrative remedies for her Title VII claims, as she never filed a charge with, or received a right-to-sue letter from, the EEOC, and no equitable doctrines excuse her failure. (ECF No. 71-1 at 18-20; ECF No. 88 at 13-17.)

#### A. Title VII Claims

Plaintiff has never alleged that she was employed by the Ocean County Training Center. (*See* ECF No. 86-1 at 8-9; ECF No. 50 at 24-25.) Instead, she argues that "condition" — that Title VII applies "only to persons employed by . . . the 'employer'" — "appears nowhere in the statute." (ECF No. 86-1 at 8; *see* ECF No. 73 at 6 (arguing that "42 U.S.C. 2000e-2(d) prohibits discrimination by an employer against any individual, not merely employees of that same employer").) She insists that "[t]he fact that Defendant does not go on to employ those it trains is immaterial." (ECF No. 86-1 at 9.)

The challenge for Plaintiff is that the United States Court of Appeals for the Third Circuit has repeatedly held that to state a Title VII claim, a plaintiff "must allege an employment relationship with the defendants." *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 119 (3d Cir. 2013); *see Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181 (3d Cir. 2009) ("In sum, Brown was not an employee of Craftmatic for purposes of Title VII or the PHRA. Therefore, her termination did not fall within the protections of either statute."); *Hukman v. Am. Airlines, Inc.*,

8

796 F. App'x 135, 140-41 (3d Cir. 2019) ("First, the District Court properly dismissed Republic as a defendant because Hukman was not employed by Republic."); *Patrick v. Werner Enterprises*, 744 F. App'x 765, 767 (3d Cir. 2018) ("Because Patrick failed to set forth facts showing that there is a genuine issue for trial regarding Werner's status as his employer, the District Court properly granted summary judgment in favor of Werner."); *Fields v. Colgate Palmolive Co.*, Civ. No. 10-365, 2010 WL 5252537, at *4 (D.N.J. Dec. 15, 2010) (dismissing hostile work environment claim because defendant was not plaintiff's employer where hiring agency assigned plaintiff to work for defendant on a temporary basis).

Since initiating this action, Plaintiff has always alleged that "at all times relevant [she] was a volunteer firefighter for the Seaside Heights Fire Department," and that she "is currently employed as an Emergency Department Technician." (ECF No. 68 at 2 ¶¶ 1, 4; ECF No. 1 at 2 ¶¶ 1, 4.) She has also always alleged that "Defendant, Ocean County Board of Chosen Freeholders" — who she has never alleged is her employer — "owns and/or operates the Ocean County Fire Academy and the Ocean County Fire and First Aid Training Center." (ECF No. 68 at 2 ¶ 8; ECF No. 1 at 2 ¶ 8.) And she has always alleged that she visited the Training Center only for training related to her employment with the Seaside Heights Fire Department. (ECF No. 68 at 5 ¶ 3; *id.* at 24 ¶ 13; ECF No. 1 at 2 ¶ 5.)

To be sure, our Circuit embraces a joint-employer test in Title VII cases. *See Covington*, 710 F.3d at 119-20; *Graves v. Lowery*, 117 F.3d 723, 727-29 (3d Cir. 1997) (citing *NLRB v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122-23 (3d Cir. 1982)). The test recognizes that two entities may be liable as joint employers for Title VII purposes where "two entities exercise significant control over the same employees." *Graves*, 117 F.3d at 727; *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015). Whether an entity is an employer turns on several

9

factors, including the entity's level of control over the plaintiff's work and if it was responsible for her firing. *See Covington*, 710 F.3d at 119 (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992)). Under this standard, "the precise contours of an employment relationship can only be established by a careful factual inquiry." *Graves*, 117 F.3d at 729.

But here, Plaintiff has not alleged facts supporting that the Ocean County Defendants qualify for joint-employer status. She argues only that she attended the Training Center to complete training required for her employment with Seaside Heights Fire Department, and that besides, Title VII does not require an employment relationship. *C.f. Graves*, 117 F.3d at 728 (finding that the county was the co-employer of judicial clerks who were subject to the county's personnel policies; claimed that the county, "through its funding, actions and policies," controlled the clerks' daily employment activities; and contended that they were hired by county officials). As Plaintiff does not raise the joint-employer issue or allege facts suggesting that a joint-employment relationship existed, the Court need not visit it further.

In sum, because Plaintiff does not allege that she ever had an employment relationship with the Ocean County Defendants, she fails to state a claim under Title VII. Having resolved this threshold issue, the Court need not decide whether Plaintiff exhausted administrative remedies. Counts Two and Four are therefore dismissed without prejudice.

**B.     Section 1983 Claims**

In its March 2021 Order, the Court gave Plaintiff the opportunity to file an amended complaint addressing the deficiencies discussed in its Memorandum Opinion. (ECF No. 66.) Although Plaintiff amended her Title VII claims, she left her § 1983 claims unchanged. (*See generally* ECF No. 1; ECF No. 68.) Because Plaintiff opted to "stand on" her § 1983 claims, the dismissal of those claims is now final. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d

Cir. 2016) ("[A] plaintiff can convert a dismissal without prejudice into a final order by 'declar[ing] [her] intention to stand on [her] complaint.' By opting to not amend [her] complaint . . . within the time frame provided by the District Court, [plaintiff] elected to 'stand on his complaint,' thereby converting the District Court's dismissal into a final order." (internal citations omitted)).

### C.  State-Law Claims

The federal claims have been dismissed. As a result, the Court "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Masco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (citations omitted). Plaintiff has not provided the Court with any such considerations. Therefore, the Court declines to exercise supplemental jurisdiction over the state-law claims in the Amended Complaint. *See A.S. v. Ocean Cnty. Fire Acad.*, Civ. No. 19-11306, 2021 WL 1169013, at *4 (D.N.J. Mar. 26, 2021).

### IV.  CONCLUSION

For the reasons set forth above, and other good cause shown, the Ocean County Defendants' Motion to Dismiss (ECF No. 32) is **GRANTED**. Counts Two and Four of the Amended Complaint are dismissed without prejudice, the dismissal of Counts Five and Six is final, and the state-law claims are dismissed without prejudice. Plaintiff has 30 days to file an amended complaint to the extent that she can cure the deficiencies of her Title VII claims. An appropriate Order follows.

Dated: January 17, 2024

s/ Georgette Castner
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**